UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DIRECTV, INC., | Case No. 1:04-cv-133 |
| | (severed from Case No. 1:03-cv-362) |
| Plaintiff, | |
| | Beckwith, C.J. |
| vs. | Black, M.J. |
| | |
| TOM PUHALLA, | |
| | |
| Defendant. | |

**REPORT AND RECOMMENDATION[1] THAT: (1) DEFENDANT'S MOTION TO VACATE DEFAULT JUDGMENT (Doc. 10) BE DENIED**

This matter is before the Court on a motion by defendant Tom Puhalla ("Puhalla") to vacate the default judgment entered against him on May 7, 2004. (Doc. 10; *see* doc. 9). For the reasons that follow, the motion should be denied.

### BACKGROUND

Plaintiff DIRECTV, Inc. initiated this action to recover compensatory and statutory damages for alleged violations of the Federal Communications Act of 1934, 47 U.S.C. § 605, and the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2510 *et seq*. The complaint naming Puhalla as a defendant also included claims against ten other individuals, naming eleven individuals in all. *See DirecTV v. Andrews, et al.,* Case No. 1:03-cv-362 (S.D. Ohio filed May 20, 2003). A return of service, executed

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

1

upon Mr. Puhalla on May 22, 2003, was filed on June 9, 2003. *See Andrews,* doc. 3. The time for Puhalla to file an Answer or Motions expired June 1, 2003. *See* Fed. R. Civ. P. 12(a)(1). Puhalla, however, did not file an Answer or Motion in response to plaintiff's Complaint. On August 8, 2003, on an application by plaintiff, the Clerk entered a default against Puhalla for failure to plead. *See Andrews,* doc. 3.

Concurrent with its claims against Puhalla (and ten other defendants) in *Andrews, i.e.,* Case No. 1:03-cv-362, plaintiff was also pursuing similar claims in ten other cases against numerous other defendants. *See, e.g., DirecTV, Inc. v. Ditmer, et al.,* Case No. 1:03-cv-132 (S.D. Ohio *filed* February 21, 2003). On reconsideration of a motion for severance which was filed by Dennis Henry, a defendant in *Ditmer,* the Court, by United States District Judge (now Chief District Judge) Sandra S. Beckwith, entered an Order dismissing without prejudice plaintiff's claims against all defendants with the exception of defendant Ditmer. *See Ditmer,* doc. 31. The Court directed plaintiff to name only one defendant in any subsequent action in which similar claims are asserted. *Id.*

On August 18, 2003, Judge Beckwith entered a similar Order in *Andrews* dismissing without prejudice plaintiff's claims against Puhalla and all other defendants in that action, with the exception of defendant Andrews. *Andrews,* doc. 23.

On September 2, 2003, plaintiff sought a clarification of the orders of dismissal that had been filed in *Ditmer, Andrews*, and similar cases. *See Andrews,* doc. 26. On October 10, 2003, Judge Beckwith withdrew the August 18, 2003 orders. *See Andrews,* doc. 28. In their place, she issued an Order that the complaints against each individual

defendant were severed pursuant to Fed. R. Civ. P. 21 and individual cases were created. *Id.* The new Order implemented severance procedures, providing in part that the severance was not intended to have any substantive effect upon plaintiff's claims, and that plaintiff need not serve new process or file amended complaints, although plaintiff was directed to provide each defendant with notice of the severance. *Id.*

On February 27, 2004, pursuant to the Order implementing severance procedures, plaintiff filed the instant action and issued the requisite Notice to Puhalla. (*See* docs. 1, 4). Puhalla did not respond to the Notice, either formally by filing any pleading with the Court or informally by contacting plaintiff or plaintiff's counsel.

On April 1, 2004, plaintiff filed a motion for default judgment against Puhalla, to which Puhalla did not respond. (*See* doc. 6). On April 12, 2004, the Clerk entered a Default against Puhalla. (Doc. 8). On May 7, 2004, Judge Beckwith entered a Default Judgment in favor of plaintiff and against Puhalla in the amount of $20,687.43. (Doc. 9).

On July 19, 2004, Puhalla, by counsel, filed the motion to vacate default judgment which is now before the Court. (Doc. 10). Plaintiff has filed a response in opposition to the motion. (Doc. 11).

## DISCUSSION

### A.

The analysis for determining whether to set aside a default judgment is well established. *See Thompson v. American Home Assurance Co.,* 95 F.3d 429, 432 (6th Cir 1996). Rule 55(c) of the Federal Rules of Civil Procedure, which governs entry of default

judgments, provides that a court may set aside a judgment in accordance with Fed. R. Civ. P. 60(b). *See Thompson,* 95 F.3d at 432; *see also Acevedo v. Dan Motors,* No. 96-3293, 1998 WL 382697, at 2 (6th Cir. June 8, 1998). Rule 60(b) in turn provides, in pertinent part, as follows:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment ... for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... (3) fraud (whether heretofore denominated as intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; ... or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). The Rule further provides that a motion for relief shall be filed within a reasonable time and, for under relief under subsections (1), (2), or (3), not more than one year after the judgment was entered. *Id.*

Where Rule 60(b) is invoked to set aside a default judgment, the court must consider certain equitable factors in addition to finding that one of the specific requirements of Rule 60(b) is met. *Thompson,* 95 F.3d at 433 (citations omitted). The equitable factors which the court must consider are as follows: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. *United Coin Meter Co. v. Seaboard Coastline R.R.,* 705 F.2d 839, 845 (6th Cir. 1993).

A plaintiff may be prejudiced by the delay which results from setting aside a judgment if the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion. *See Berthelsen v. Kane,* 907

F.2d 617, 621 (6th Cir. 1990); *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.,* 815 F.2d 391, 398 (6th Cir.), *cert. denied,* 484 U.S. 927 (1987).

To determine whether the defendant has a meritorious defense, the court must consider whether the defendant has advanced "a defense good at law," and not necessarily one that will likely succeed. *United Coin Meter Co.,* 705 F.2d at 845. That is, the court must determine whether there is "some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Amernational Indus., Inc. v. Action-Tungsram, Inc.*, 925 F.2d 970, 977 (6th Cir.), *cert. denied,* 501 U.S. 1233 (1991).

Finally, the court must assess whether the culpable conduct of the defendant led to the default. "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on judicial proceedings." *INVST Fin. Group, Inc.,* 815 F.2d at 399 (cited in *Thompson,* 95 F.3d at 433).

The decision whether to set aside a default judgment under Rule 60(b) is left to the sound discretion of the trial court. *See Thompson,* 95 F.3d at 432.

**B.**

In support of his motion to vacate the default judgment, Puhalla alleges that he never received a copy of plaintiff's September 2, 2003 motion for clarification of the orders of dismissal or a copy of Judge Beckwith's October 10, 2003 Order withdrawing the order that had dismissed Puhalla from the *Andrews* case. Although he admits that he received a copy of the Notice that the claims against him had been severed from *Andrews*

5

and had been assigned a new case number, he maintains that the pleading was insufficient to place him on actual notice that the dismissal of the claims against him had been withdrawn and that he was required to plead to the previously served complaint. (*See* doc. 10).

He states that the entry of the default judgment was not the result of willful or culpable conduct, that plaintiff will not be prejudiced by granting him relief from the judgment, and that he has a valid defense to the claims against him. (*Id.*)

Puhalla's motion lacks merit.

First, he has not demonstrated that the entry of default judgment was not the result of willful or culpable conduct. Rather, his failure to take any prior action in opposition to plaintiff's claim demonstrates "a reckless disregard for the effect of [his] conduct on judicial proceedings." *See INVST Fin. Group, Inc.,* 815 F.2d at 399.

Puhalla does not dispute that he received copies of the Notice of Severance (doc. 4), plaintiff's motion for judgment by default (doc. 6), and plaintiff's motion and application for entry of default (doc. 7). Nonetheless, he did not contact opposing counsel to seek clarification of a matter which he allegedly believed had been dismissed. (*See* doc. 11, attachment, "Declaration," ¶ 7). Indeed, defendant did not contact counsel or the Court regarding either the instant case or its predecessor until July 19, 2004, when he filed his motion to vacate, which was more than two months after the entry of default judgment case against him (and more than one year after being served with the underlying complaint).

Notwithstanding the alleged lack of service of the October 10, 2003 order withdrawing the August 18, 2003 order of dismissal, the undersigned finds sufficient evidence that Puhalla had notice of the proceedings against him. Puhalla has not provided any evidence of mistake, surprise, inadvertence or excusable neglect, *see* Fed. R. Civ. P. 60(b)((1), to explain his lack of action. He has not demonstrated any fraud, misrepresentation, or other misconduct by plaintiff to warrant relief from judgment under Fed. R. Civ. P. 60(b)(3).

Second, contrary to Puhalla's assertions, he has not demonstrated a lack of prejudice to plaintiff. The sole argument that plaintiff would not be prejudiced by granting the motion to vacate is Puhalla's statement that plaintiff "believ[es] that it has a valid claim against him." (*See* doc. 10 at p. 3).

Third, Puhalla has not demonstrated a meritorious defense. His conclusory statement that he has "a real defense to the claim of the plaintiff" (*see* doc. 10, attached "Affidavit" at ¶ 7) is insufficient to satisfy the requirement that he advance "a defense good at law." *See United Coin Meter Co.,* 705 F.2d at 845. That is, defendant has not shown "some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *See id.*

In conclusion, Puhalla has not show that the entry of the default judgment was not the result of willful or culpable conduct, that plaintiff will not be prejudiced by granting him relief from the judgment, and that he has a valid defense to the claims against him. In addition, he has not met the specific requirements of Rule 60(b) that would warrant

7

granting him relief from judgment.

## IT IS THEREFORE RECOMMENDED THAT:

Defendant Tom Puhalla's motion to vacate the default judgment entered against him (doc. 10) be **DENIED**.


Date:  1/27/05                           s/Timothy S. Black
                                         Timothy S. Black
                                         United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DIRECTV, INC., | Case No. 1:04-cv-133 |
| Plaintiff, | Beckwith, C.J. |
| | Black, M.J. |
| vs. | |
| TOM PUHALLA, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **FIFTEEN DAYS** after the date this Report and Recommendation is stamped "filed" by the Clerk of Court. This period may be extended by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).