IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DirectTV, Inc.,                )
                               )
            Plaintiff,         )   Case No. 1:04-CV-133
                               )
    vs.                        )
                               )
Tom Puhalla,                   )
                               )
            Defendant.         )

O R D E R

This matter is before the Court on Defendant Tom Puhalla's motion to vacate default judgment (Doc. No. 10), Magistrate Judge Black's Report and Recommendation that Defendant's motion to vacate default judgment be denied (Doc. No. 12), and Defendant's objections to the Report and Recommendation (Doc. No. 13).  For the reasons that follow, Defendant's objections to the Report and Recommendation are not well-taken and are **OVERRULED**.  The Court **ADOPTS** Magistrate Judge Black's Report and Recommendation.  Defendant's motion to vacate default judgment is not well-taken and is **DENIED**.

Plaintiff DirectTV, Inc. filed suit against a number of individuals, including Defendant in this case, Tom Puhalla, for violations of the Federal Communications Act of 1934, 47 U.S.C. § 605, and the Electronic Communications Privacy Act, 18 U.S.C. §

1

2510, et seq.  DirectTV's claims originally were contained in a single complaint against all of the Defendants in Case No. 1:03-CV-362.  The record reflects that Defendant was properly served with the original summons and complaint.  See Case No. 1:03-CV-362, Doc. No. 3.  The Court dismissed without prejudice the claims against each of Defendants, including Defendant Puhalla, except for Ditmer.  Subsequently, however, the Court vacated that decision and ordered that DirectTV's claims be severed and re-filed in individual case numbers.

On August 8, 2003, DirectTV moved the Clerk of Court to enter default against Defendant, and the Clerk did so the same day.  See id. Doc. Nos. 18 & 19.  After the Court severed the cases, DirectTV filed a motion for default judgment against Defendant.  Doc. No. 6.  In its motion, DirectTV sought statutory damages of $20,000 and $687.43 in attorney's fees.  The record reflects that Defendant was served with this motion on April 1, 2004.  A week later, DirectTV filed a motion for entry of default.  Doc. No. 7.  The record reflects that Defendant was served with this pleading on April 8, 2004.  On May 7, 2004, the Court granted DirectTV's motion for default judgment and awarded DirectTV damages of $20,687.43.

About two months later, on July 19, 2004, Defendant filed a motion to vacate the default judgment (Doc. No. 10).  In his motion, Defendant admitted that he received both the notice

2

of severance and the DirectTV's motion for default judgment. Doc. No. 10, at 2, but that the default judgment should be set aside because he did not understand that the claims against him had been reinstated and that he would be required to file any responsive pleading.

Magistrate Judge Black found no grounds upon which to set aside the default judgment. Judge Black found that Defendant's failure to plead was the result of willful or culpable conduct because he admitted being served with the notice of severance and application for default judgment and yet failed to take any action to contact opposing counsel to clarify the status of the case. Judge Black also noted that Defendant was dilatory in waiting over two months to move to set aside the default judgment. Judge Black found that Defendant had sufficient notice of the claims against him. Judge Black found that Defendant failed to demonstrate that DirectTV would not be prejudiced if the default judgment were set aside and that he had failed to demonstrate any valid defense to DirectTV's claims. Consequently, Judge Black found that Defendant had failed to demonstrate any entitlement to relief from judgment and recommended that his motion be denied.

Defendant objects to Magistrate Judge Black's report and recommendation. Defendant now concedes that the record supports Judge Black's conclusions that he failed to demonstrate

excusable neglect and failed to assert any meritorious defense to the claims. Defendant limits his objection to arguing that the default judgment should be set aside because the notice of severance was insufficient to put him on notice that he was required to take affirmative steps to defend the claims against him.

The Court reviews <u>de novo</u> a magistrate judge's report and recommendation on a dispositive matter, such as a motion to set aside a default judgment. <u>Victoria's Secret Stores v. Artco Equip. Co., Inc.</u>, 199 F. Supp.2d 704, 714 (S.D.Ohio 2002). Once a court has entered judgment on default, it may set aside that judgment only in accordance with Federal Rule of Civil Procedure 60(b). <u>Thompson v. American Home Assurance Co.</u>, 95 F.3d 429, 432 (6th Cir. 1996); Fed. R. Civ. P. 55(c). Rule 60(b) of the Federal Rules of Civil Procedure provides that a court may set aside a final judgment for, among other reasons, "mistake, inadvertence, surprise, or excusable neglect."

In this case, the Court agrees with Magistrate Judge Black that the default judgment should not be set aside. Even if the notice of severance was insufficient to put Defendant on notice that he was required to defend the complaint, the record reflects that he was served with at least three pleadings which indicated that default was either being sought or entered against him because of his failure to plead or otherwise defend the case.

4

<u>See</u> Doc. No. 6 (DirectTV's motion for default judgment); Doc. No. 7 (DirectTV's motion for entry of default); Doc. No. 9 (Clerk's entry of default).  Defendant, therefore, was at least on constructive notice that he was required to file some responsive pleading in order to avoid having judgment entered against him.  Accordingly, Defendant's conduct was culpable and thus he has failed to demonstrate that the default judgment should be set aside.  <u>Franchise Holding II v. Huntington Restaurants Group. Inc.</u>, 375 F.3d 922, 926 (9th Cir. 2004).

Accordingly, Defendant's objections to Magistrate Judge Black's Report and Recommendation are not well-taken and are **OVERRULED**.  The Court **ADOPTS** the Report and Recommendation.  Defendant's motion to vacate default judgment is not well-taken and is **DENIED.**

**IT IS SO ORDERED**

Date September 2, 2005              s/Sandra S. Beckwith
                                    Sandra S. Beckwith, Chief Judge
                                    United States District Court